# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

JAMES L. BUTLER, SR.,
JAMES L. BUTLER, JR.,

    Plaintiffs,

vs.                                   CASE NO. CV-11-J-1728-NE

MADISON COUNTY DISTRICT
ATTORNEY AND STAFF, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This case is before the court on plaintiffs James L. Butler, Sr. ("Butler, Sr.") and James L. Butler, Jr. ("Butler, Jr.")'s complaint (doc. 1) and amended complaint (doc. 21), which the court has considered *sua sponte*.

As an initial matter, this court must dismiss Butler, Jr.'s claims. As alleged in the Complaint, Butler, Jr. died on October 22, 2010, before this action was filed. Compl. at 27. A deceased person may be represented in an action by the personal representative (executor or administrator) of the deceased's estate, *see* Fed. R. Civ. P. 17(a), but there is no allegation that Butler, Jr.'s claims are brought by his personal representative. Furthermore, even if Butler, Sr. were designated as his son's personal representative, as a non-attorney, Butler, Sr. may not proceed *pro*

*se* on behalf of his son. *Hand v. Bibeault*, 400 Fed.Appx. 526, 528 (11th Cir. 2010) ("A non-attorney who is authorized to bring suit on behalf of a party may not appear *pro se* as that party's 'legal counsel,' even where statutes or regulations permit the person to serve as the party's representative in corresponding administrative proceedings."). This result would not change even if Butler, Jr. were a minor or incompetent person.[1] *See Whitehurst v. Wal-Mart*, 306 Fed.Appx. 446, 448–49 (11th Cir. 2008) ("[A] non-lawyer parent has no right to represent a child in an action in the child's name."). On this basis alone, the court must dismiss Butler Jr.'s claims.

However, even if plaintiff Butler, Sr. had the right to represent Butler, Jr. in federal court, the complaint would still fail to meet the minimum pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, -- U.S. -- , 129 S.Ct. 1937 (2009). Accepting the allegations of the complaint as true, the court construes them "in the light most favorable to the plaintiff." *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir. 2004) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). While the complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555, it does have to

---

[1] Butler, Jr. was born on October 19, 1961, Compl. at 33, making him forty-nine years old at the time of his death.

set forth "enough facts to state a claim to relief that is plausible on its face," *id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

To satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement showing an entitlement to relief, and must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Additionally, each claim for relief must be presented in a separate count. Fed. R. Civ. P. 10(b). Because plaintiff is proceeding *pro se*, the court must construe his pleadings liberally and with leniency. *See e.g., GJR Inves., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). However, this leniency does not give a court license to "rewrite an otherwise deficient pleading in order to sustain an action." *Id*. *Pro se* plaintiffs must abide by the Federal Rules of Civil Procedure. *See e.g., Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983); *Sanders v. U.S.*, 113

F.3d 184, 187 (11th Cir.1997); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff has named as defendants five judges, four members of the Alabama Securities Commission, the Assistant General Counsel to the Alabama Bar, the District Attorneys of Marshall and Madison Counties, two Madison County investigators, the Madison County Circuit Court Clerk, and several Madison County court staff, among others. He appears to call these people, collectively, "The Prosecution." *See* Compl.

Through a lengthy narrative, plaintiff accuses "the prosecution" of conspiring to prevent him from defending himself in various criminal cases against him. Plaintiff argues that he was held in solitary confinement for three months while his son was on trial, Compl. at 10; that he was told that court clerk Jane Smith "said she would see to it that you would be held for 2 years, call a little trial, call you guilty and give you 10 more years," *id.*; and that plaintiff was forced to plead guilty after "the Judge said it was his intent to give [plaintiff's son, Butler, Jr.] 75 years" in prison, *id.* at 10–11. He believes defendants have conclusively presumed his and his son's guilt in criminal trials by eliminating presentation of facts and evidence proving their innocence and not allowing exculpatory evidence,

likening such presumption to a Bill of Attainder. *Id.* at 7.  He provides lists of his criminal cases to support his arguments. *Id.* at 15–27.

Plaintiff's claims set forth in the complaint do not meet the minimum threshold for consideration by this court. The court cannot discern from the plaintiff's complaint what allegations support what causes of action, whether some of the allegations have any bearing on the claims in the complaint, or which defendants are allegedly responsible for which actions. Several defendants are not even mentioned in the allegations. This court does not have the duty to create claims which the plaintiff has not spelled out in his pleadings.  *See Case v. State Farm Mut. Auto. Ins. Co.,* 294 F.2d 676, 677–78 (5th Cir.1961); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1296 (11th Cir.2002).

Furthermore, all defendant-judges are immune from suit in exercise of their judicial functions. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) (stating that judicial immunity serves the public interest, allowing judges to "be at liberty to exercise their functions with independence and without fear of consequences"). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject

to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted). A judge is immune from suit even when his or her exercise of authority is flawed by "grave procedural errors." *Id*. at 359. Thus, plaintiff cannot proceed with his claims against the five judges made defendants in this lawsuit.

Finally, as an individual, plaintiff lacks standing to enforce criminal statutes. Plaintiff argues that defendants are guilty of conspiracy, in violation of 18 U.S.C. § 241, and bribery, in violation of 18 U.S.C. § 201. *See* Compl. at 13. Both of these statutes are within the U.S. Code Title for "Crimes and Criminal Procedure" and impose criminal sanctions; only persons associated with the United States Attorney's office may bring criminal charges against individuals. The Supreme Court has explained that private citizens lack "a judicially cognizable interest in the prosecution or nonprosecution of another." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 767 n.13 (2005). These statutes do not provide a civil cause of action or any civil remedies. *See Thibeaux v. U.S. Atty. Gen.*, 275 Fed.Appx. 889, 893 (11th Cir. 2008). Thus, plaintiff lacks standing to bring civil claims for violations of these statutes.

Taking the allegations of the complaint as true, the court is of the opinion

that plaintiffs' claims are due to be dismissed. To the extent that plaintiffs' claims are not dismissed for lack of standing to enforce criminal statutes, they are due to be dismissed for failure to state a claim upon which relief may be granted.

It is therefore **ORDERED** by the court that this case be and hereby is **DISMISSED WITHOUT PREJUDICE**.[2]

**DONE** and **ORDERED** on this the 23rd day of June 2011.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[2]Several other documents have been filed in this case since the filing of plaintiffs' complaint, including defendant Michael Chambers's Motion to Dismiss (doc. 10), plaintiffs' opposition to said motion (doc. 20), defendant Tommy Baxter's Motion for Summary Judgment (doc. 13), and defendants Jenny Bennet-Cole, Robert Broussard, Madison County District Attorney and Staff, Tim Morgan, Matt Thornbury, and Kevin Turner's Motion to Dismiss, Motion for More Definite Statement, and Motion to Strike (doc. 19). Given the court's ruling in this Order, said documents (docs. 10, 13, 19, 20) are rendered MOOT.